IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEMCON TECH, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-531 (RGA) |
| | ) |
| INTEL CORPORATION, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

### ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Intel Corporation ("Intel") answers Plaintiff Semcon Tech, LLC's ("Semcon") Complaint as follows:

### PARTIES

1. Intel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies them.

2. Intel admits that it is a Delaware corporation with its principal place of business at 2200 Mission College Boulevard, Santa Clara, California. Intel admits that Corporation Trust Company is its registered agent for service of process. Intel does not contest the sufficiency of service of process. Any remaining allegations in paragraph 2 of the Complaint are legal conclusions to which no response is required.

### JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint states legal conclusions to which no response is required. Intel admits that the Complaint purports to assert claims that arise under the patent laws of the United States, Title 35 of the United States Code, but denies that the asserted claims have any basis or merit. Intel lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 and on that basis denies them.

4. Paragraph 4 of the Complaint states a legal conclusion to which no answer is required. Solely for purposes of this action, Intel does not contest that the Court has specific personal jurisdiction over Intel. Intel denies any remaining allegations in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint states a legal conclusion to which no answer is required. Solely for purposes of this action, Intel does not contest that venue is proper in this judicial district but denies that this judicial district is a convenient forum or that this judicial district is the only forum where venue would be proper. Intel denies any remaining allegations in paragraph 5 of the Complaint.

## COUNT I
### Alleged Infringement of U.S. Patent No. 7,156,717

6. Intel incorporates by reference its responses in paragraphs 1 through 5 above as though fully set forth in this paragraph.

7. Intel admits that Exhibit A to the Complaint purports to be a copy of U.S. Patent No. 7,156,717 ("the '717 patent"), entitled "[In] Situ Finishing Aid Control" and bearing an issue date of January 2, 2007. Intel denies that the '717 patent was properly and validly issued. Intel lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and on that basis denies them.

8. Intel objects to the allegations in paragraph 8 of the Complaint because, as used, the terms "integrated circuits" and "Applied Materials Reflexion CMP system" are vague and indefinite. Intel admits that it has manufactured, sold and distributed in the United States certain semiconductor products using equipment supplied by Applied Materials at certain steps in the applicable manufacturing sequences. Subject to the above objection, Intel denies the remaining allegations in paragraph 8 of the Complaint.

9. Intel denies the allegations in paragraph 9 of the Complaint.

10. Intel denies the allegations in paragraph 10 of the Complaint.

### SEMCON'S PRAYER FOR RELIEF

11. Intel denies that Semcon is entitled to any of the relief sought in its Complaint and respectfully requests that the Court enter judgment against Semcon on all of its claims. To the extent that Semcon's Prayer for Relief includes any factual allegations, Intel denies those allegations.

### INTEL'S DEFENSES

12. Intel asserts the following defenses. Nothing in these defenses is intended to alter the identity of the party that bears the burden of proof as to any matter raised in any defense.

#### First Defense: Failure to State a Claim

13. Semcon's Complaint fails to state a claim upon which relief can be granted.

#### Second Defense: Non-Infringement

14. Intel does not infringe and has not infringed any asserted and valid claim of the '717 patent.

#### Third Defense: Invalidity

15. The asserted claims of the '717 patent are invalid for failing to comply with the requirements of patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, or 112.

### Fourth Defense: Waiver, Laches and Estoppel

16. Semcon is barred from recovery in whole or in part by the doctrines of waiver, laches, and/or estoppel, including prosecution history estoppel.

### Fifth Defense: Notice

17. To the extent Semcon seeks damages for alleged infringement prior to its giving actual or constructive notice of the '717 patent, Semcon is barred from recovery by 35 U.S.C. § 287.

### Sixth Defense: Costs

18. Semcon's recovery of costs is barred by 35 U.S.C. § 288.

### Seventh Defense: United States Government

19. To the extent that any products accused of infringing the '717 patent are used by and/or manufactured for the United States Government, Semcon's claims against Intel with respect to such products may not be pursued and are subject to limitations pursuant to 28 U.S.C. § 1498.

## INTEL'S COUNTERCLAIMS

20. Intel asserts the following counterclaims against Semcon:

## PARTIES

21. Intel is a Delaware corporation with its principal place of business at 2200 Mission College Boulevard, Santa Clara, California 95054.

22. Semcon has alleged that it is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

## JURISDICTION AND VENUE

23.     Intel's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, *et seq.*, and the Patent Act, 35 U.S.C. § 1 *et seq.*

24.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

25.     The Court has personal jurisdiction over Semcon, which submitted to the Court's jurisdiction by filing the underlying lawsuit.

26.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FIRST COUNTERCLAIM
(For Declaratory Judgment of Patent Non-Infringement)

27.     Intel incorporates by reference its allegations in paragraphs 20 through 26 above as though fully set forth in this paragraph.

28.     An actual controversy exists between Intel and Semcon as to whether Intel infringes the asserted claims of the '717 patent, as Semcon contends, or does not so infringe, as Intel contends.

29.     Intel seeks a declaration that it does not infringe and has not infringed any asserted claim of the '717 patent. A judicial declaration is necessary and appropriate at this time so that Intel may ascertain its rights and duties with respect to the '717 patent and any past, present, or future manufacture, use, importation, distribution, sale or offer for sale of its products. Absent such a declaration, Semcon will continue to pursue claims under the asserted claims of the '717 patent against Intel and thereby cause Intel irreparable injury and damage. Intel has no other adequate remedy at law.

## SECOND COUNTERCLAIM
(For Declaratory Judgment of Patent Invalidity)

30. Intel incorporates by reference its allegations in paragraphs 20 through 29 above as though fully set forth in this paragraph.

31. An actual controversy exists between Intel and Semcon as to whether the asserted claims of the '717 patent are valid, as Semcon contends, or are invalid, as Intel contends.

32. Intel seeks a declaration that the asserted claims of the '717 patent are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, or 112.  A judicial declaration is necessary and appropriate at this time so that Intel may ascertain its rights and duties with respect to the '717 patent and any past, present, or future manufacture, use, importation, distribution, sale or offer for sale of its products.  Absent such a declaration, Semcon will continue to pursue claims under the asserted claims of the '717 patent against Intel and thereby cause Intel irreparable injury and damage.  Intel has no other adequate remedy at law.

## PRAYER FOR RELIEF

33. WHEREFORE, Defendant and Counterclaimant Intel prays for relief as follows:

   a) That the Court enter judgment in favor of Intel and against Semcon;

   b) That the Court determine and declare that Intel and its products do not infringe and have not infringed the asserted claims of the '717 patent;

   c) That the Court declare that the asserted claims of the '717 patent are invalid and/or unenforceable;

d) That Semcon take nothing by its Complaint;

e) That the Court deny any and all of Semcon's requests for relief;

f) That the Court award Intel its attorneys' fees and litigation expenses under 35 U.S.C. § 285 or on any other applicable basis; and

g) That Intel receive such other and further relief as the Court deems appropriate.

## JURY DEMAND

34. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Intel demands a trial by jury of all issues triable to a jury.[1]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

OF COUNSEL:

*Attorneys for Defendant*

Chad S. Campbell
PERKINS COIE LLP
Suite 2000
2901 North Central Avenue
Phoenix, AZ 85012
(602) 351-8000

June 20, 2012

---

[1] Intel reserves all rights to amend or supplement its Answer, Defenses, and Counterclaims in accordance with the Federal Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 20, 2012, upon the following in the manner indicated:

| | |
|---|---|
| Richard D. Kirk, Esquire<br>Stephen B. Brauerman, Esquire<br>Vanessa R. Tiradetes, Esquire<br>BAYARD, P.A.<br>222 Delaware Avenue<br>Suite 900<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Charles R. Bruton, Esquire<br>Mark L. Hogge, Esquire<br>Shailendra Maheshwari, Esquire<br>Rajesh C. Noronha, Esquire<br>SNR DENTON US LLP<br>1301 K Street, N.W.<br>Suite 600 – East Tower<br>Washington, DC 20005-3364 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)