## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SEMCON TECH, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-531-RGA |
| | : | |
| INTEL CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| SEMCON TECH, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-534-RGA |
| | : | |
| TEXAS INSTRUMENTS INC., | : | |
| | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Richard D. Kirk, Esq., Stephen Brauerman, Esq. (argued), Bayard, P.A., Wilmington, Delaware; Attorneys for Plaintiff

Jack B. Blumenfeld, Esq., Morris, Nichols, Arsht & Tunnell, LLP, Wilmington, Delaware; Chad S. Campbell, Esq. (argued), Perkins Coie, Phoenix, Arizona; Attorneys for Defendant Intel

Susan Morrison Coletti, Esq., Fish & Richardson, Wilmington, Delaware; Thomas B. Walsh, IV, Esq. (argued), Fish & Richardson, Dallas, Texas; Attorneys for Defendant Texas Instruments

January $\underline{8}$, 2013
Wilmington, Delaware

-1-

*Andrard G. Andrum*
ANDREWS, U.S. DISTRICT JUDGE:

Before the Court are two motions. Intel Corp., the defendant in No. 12-531, has filed a
Motion to Transfer to the District of Oregon. (D.I. 16). Texas Instruments Inc., the defendant in
No. 12-534, has filed a Motion to Transfer to the Northern District of Texas, Dallas Division.
(D.I. 12).

On April 27, 2012, Plaintiff Semcon Tech LLC sued the defendants alleging infringement
of one patent relating to "Situ Finishing Aid Control."[1]   The defendants are said to infringe the
patent by using a process to make integrated circuits that involves chemical-mechanical polishing
with the use of an Applied Materials Reflexion system.  (D.I. 1, ¶¶ 8 & 9). The defendants have
answered the complaints, and subsequently filed the motions to transfer. The parties have fully
briefed the motions to transfer, and presented oral argument on November 8, 2012.

The motions to transfer have facts and issues in common, but will be addressed separately
as there are also differences between the two of them.

The statutory authority for transferring a case is § 1404(a) of Title 28, which provides:
"For the convenience of parties and witnesses, in the interest of justice, a district court may
transfer any civil action to any other district or division where it might have been brought or to
any district or division to which all parties have consented."   The burden of establishing the
need for transfer is the movant's, *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.
1995), which in this case is Intel or Texas Instruments. The Third Circuit has set forth the
framework for analysis:

---

[1] Plaintiff filed nine other lawsuits, also assigned to me. Most of them were filed around
the same time as these two. One has since been voluntarily dismissed.

-2-

"[I]n ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."

In ruling on § 1404(a) motions, courts have not limited their consideration to the three enumerated factors in § 1404(a) (convenience of parties, convenience of witnesses, or interests of justice), and, indeed, commentators have called on the courts to "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." While there is no definitive formula or list of the factors to consider, courts have considered many variants of the private and public interests protected by the language of § 1404(a).

The private interests have included: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

The public interests have included: (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted and numbering added).

No. 12-534

Semcon Tech LLC is a Texas limited liability company with a principal place of business in Tyler, Texas.[2] (D.I. 1, ¶1).[3] Its registered agent is in Dallas (D.I. 14, Exh. 1), which is in the Northern District of Texas, Dallas Division. Texas Instruments is a Delaware corporation with

---

[2] Tyler is in the Eastern District of Texas.

[3] During the discussion of the Texas Instruments motion, citations to the docket refer to the docket in No. 12-534. During the discussion of the Intel motion, citations to the docket refer to the docket in No. 12-531.

-3-

its principal place of business in Dallas. (D.I. 1, ¶2). It has substantial national and international operations. (D.I. 16, ¶3; D.I. 18, p.9 n.3).

There is no dispute that this case could have been brought against Texas Instruments in the Northern District of Texas, Dallas Division. (D.I. 18, p.2 [not making any argument otherwise]).

In my view, interest (1) supports Plaintiff's position that the case should not be transferred. Interests (2), (3), and (8), and to a lesser extent (5) and (6), support the defendants' request to transfer the case. The other interests do not add much to the balancing. The twelve interests are not exclusive, and in this case there are other considerations that I take into account.

Plaintiff has chosen Delaware as a forum. That choice weighs strongly in Plaintiff's favor, although not as strongly as it would if Plaintiff had any connection to Delaware at all. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request"); *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287, 289 (D.Del. 1986) (plaintiff's choice of forum not as compelling if it is not plaintiff's "'home turf'").

Defendant's preference is the Northern District of Texas, Dallas Division, where it is incorporated, has its headquarters, and has 8400 employees. (D.I. 17). Texas Instruments says it uses the accused process to manufacture integrated circuits in Texas, in or near Dallas. (D.I. 16, ¶5). Its decision to seek to litigate in that District is rational and legitimate.

Defendant has argued in its briefing that the claim arose in or near the Northern District of Texas. As I understand the argument, it is that the patent claims a manufacturing process, and the manufacturing process that is accused takes place in Texas. (D.I. 13, pp. 6-7; D.I. 18, p. 9 ["it

may be true that TI manufactures the accused products in Dallas"]; D.I. 35, at 11, 15). I have reviewed the patent, which has 139 claims, and about 120 of them are method claims, with the balance being devices for performing the various method claims. Thus, based on the record before me, I believe the claims do arise in Texas, either in or near the Dallas Division. Thus, while it may be true that the products made by the infringing methods are sold everywhere, the actual infringing activities are taking place in Texas. I do not think this is the usual patent case where it is fair to say that the claims arise wherever the defendant's products are sold. *See In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). Thus, this factor weighs in favor of transfer. *See In re Hoffman LaRoche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Plaintiff appears to be a small non-practicing entity, but it has high-powered lawyers and has sued an array of prominent defendants in these related cases. The defendant is a substantial corporation and can litigate anywhere. It too has high-powered lawyers. Other than size, there is nothing in the record relating to "physical and financial condition." I do not think this factor significantly favors either side, and therefore I will treat it as neutral.

At this juncture, it is hard to tell who the witnesses might be. The patent, issued in 2007, lists the inventor as being a resident of Delaware. (D.I. 1-1, at 2). Texas Instruments states, without dispute, that the inventor now resides in Georgia (D.I. 13, p. 2 n.1 [citing to public records in D.I. 14; D.I. 18, p.11], and is therefore outside the subpoena power of either the District of Delaware or the Northern District of Texas. Any party employees of the plaintiff are in Texas, and party employees of the defendant relevant to this litigation might very well be in Texas. Defendant points out that third-party witnesses of the company that may participate in the infringing manufacturing would be in Texas. (D.I. 13, pp. 8-9). *See In re Genentech*, 566 F.3d

-5-

1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). It is, however, entirely speculative at this point to identify any particular person as a likely witness. That being said, there is not a hint of likelihood that any third-party witness is within the subpoena power of this Court, whereas there is a reasonable probability that there are third-party witnesses within the subpoena power of the Northern District of Texas. Thus, while no witnesses who would be unavailable in one location but not the other have been identified, this factor very marginally favors transfer.

Similarly, it is hard to tell where most of the books and records would be. The only identified holders of records are the parties, and their records will be able to be produced in whichever forum has the case. The records of the defendant, which are likely the most important records for this litigation, *see id.*, are likely in Texas. (D.I. 16). In any event, the records of a party will be available in any court. There are no records identified as only being available in one of the two locations.[4] Thus, this factor too adds very little to the balancing. To the extent it has any marginal impact, however, it favors transfer.

Enforceability of the judgment is not an issue.

Practical considerations that could make the trial easy, expeditious, or inexpensive weigh in favor of transfer. This is a business dispute between two companies with no relevant connection to Delaware, but with extensive connections to the Northern District of Texas, Dallas Division. The costs of a trial in Dallas would be less. Any conceivable existing witness (that is,

---

[4] While there is a paragraph in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), about "the convenience of the witnesses and the location of the books and records," I do not understand the Federal Circuit to have altered the Third Circuit's focus on the issue being not so much where the witnesses and evidence are, but whether they can be produced in court.

not including expert witnesses yet to be retained, and the inventor, if he agrees to appear) will find trial in Texas easier. Thus, this factor favors transfer.

The relative administrative difficulty due to court congestion is agreed by both parties to be neutral. (D.I. 13, pp. 11-12; D.I. 18, p. 14).

The "local controversy" consideration is usually inapplicable in a patent case. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 207 (D.Del. 1998). That this is a dispute between two Texas-based companies does not by itself make this a "local controversy." On the other hand, it is conceivable that the outcome of some suits could have an impact on the local economy, but Plaintiff has not made that case here. Thus, I consider this factor to be neutral.

The public policy of Delaware encourages the use by Delaware corporations of Delaware as a forum for the resolution of business disputes. That concern is irrelevant since Plaintiff is not a Delaware corporation, and the defendant, which is a Delaware corporation, does not want to litigate here. This factor is thus neutral.

This is not a diversity case, and thus knowledge of state law is irrelevant here.

Other than Plaintiff's choice to sue in Delaware, there is only one conceivable factor that makes any sense as to why this case should not be transferred to Texas. That is the concurrent litigation on the same patent and the same technology against the defendants in the related cases. That litigation is in its very early stages, following a scheduling conference in September. I have no knowledge of the patent or the technology, but I will likely be gaining that in the near future, as a claims construction hearing is set for June 7, 2013. I believe that is a legitimate concern to

-7-

factor into the analysis. *See In re Google*, 2011 WL 772875, at *2 (Fed. Cir. March 4, 2011).[5]
Certainly, if I already had some experience with the patent, it would be an important legitimate
concern. *See In re Verizon Business Network Services, Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011);
*In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). Thus, the "co-pending litigation"
weighs against transfer, but not that strongly.

I must consider *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011).[6]
Although Defendant did not cite it in its Opening Brief, it cited the case extensively in its Reply
Brief. (D.I. 19). Plaintiff cited it, but did not discuss it. (D.I. 18). We did discuss it at oral
argument. (D.I. 35). While I do not think the case is absolutely controlling, it is hard for me to
think that it is not fairly compelling. There are perhaps two differences of significance between
this case and *In re Link_A_Media*. One difference is that the "where the case arises" factor
favors transfer here in a way that was not applicable in *In re Link_A_Media*. This difference
supports Texas Instruments' request to transfer. The other difference is that there are the co-
pending cases, which implicate a question of judicial efficiency that was not present in *In re*

---

[5] I do not put too much stock in this "non-precedential" decision. On mandamus review,
the Court twice states that the district court's decision not to sever and transfer one of a multitude
of defendants was not an abuse of discretion. The Federal Circuit does not use mandamus to
review for abuses of discretion. Rather, it reviews for "clear abuse of discretion or usurpation of
judicial power." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1222 (Fed. Cir. 2011).
Thus, the failure to grant mandamus is not (or, at least, should not be) the same thing as holding
that the District Court did not abuse its discretion in denying a transfer motion.

[6] The Federal Circuit's numerous transfer cases arising from the Fifth Circuit are not
controlling as the Federal Circuit interprets the law of the Circuit in which the District Court sits.
*See In re Link_A_Media*, 662 F.3d at 1223. The law of the two Circuits in regard to how to
conduct a transfer analysis is different in a number of regards. Of greatest relevance, "Fifth
Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the
[transfer] analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). As noted
earlier, the Third Circuit treats the plaintiff's choice as a factor of "paramount importance."

*Link_A_Media*. This difference supports Plaintiff's request to deny transfer. Taking these two differences into account, and considering all of the *Jumara* factors, I think that *In re Link_A_Media* suggests that the case against Texas Instruments should be transferred to the Northern District of Texas, Dallas Division.

Under Third Circuit law, considerable deference is given to the plaintiffs' choice of forum. Since there is little beyond Plaintiff's choice of forum – which is less compelling than usual – and the existence of the co-pending cases – which is also not very compelling – to suggest that transfer should be denied, I will therefore grant the defendants' motion to transfer.

An appropriate order will be entered.

No. 12-531

I now consider Intel's motion to transfer.

Semcon Tech LLC is a Texas limited liability company with a principal place of business in Tyler, Texas. (D.I. 1, ¶1). Its registered agent is in Dallas (D.I. 19, Exh. 1), which is in the Northern District of Texas, Dallas Division. Intel is a Delaware corporation with its principal place of business in Santa Clara, California. (D.I. 1, ¶2). It is the largest semiconductor chip maker in the world. (D.I. 23, p. 5 n.4). Intel has a substantial manufacturing operation near Portland, Oregon. (D.I. 18, ¶7).

There is no dispute that the patent infringement action against Intel could have been brought in the District of Oregon, as Intel's manufacturing operations there would provide a basis for jurisdiction and venue. (D.I. 17, pp. 5-6; D.I. 23 [not arguing the point]).

In my view, interest (1) supports Plaintiff's position that the case should not be transferred. Interests (2) and (3), and to a lesser extent (5), (6), and (8) support the defendant's

-9-

request to transfer the case. The other interests do not add much to the balancing. The twelve interests are not exclusive, and in this case there are other considerations that I take into account.

Plaintiff has chosen Delaware as a forum. That choice weighs strongly in Plaintiff's favor, although not as strongly as it would if Plaintiff had any connection to Delaware at all. *See Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request"); *Pennwalt Corp. v. Purex Industries, Inc.*, 659 F.Supp. 287, 289 (D.Del. 1986) (plaintiff's choice of forum not as compelling if it is not plaintiff's "'home turf'").

Defendant's preference is the District of Oregon, where it has a substantial manufacturing operation related to the infringement allegations in this case. Defendant's decision to seek to litigate in that District is rational and legitimate.

Defendant has argued in its briefing that the claim arose in the District of Oregon. As I understand the argument, it is that the patent claims a manufacturing process, and the manufacturing process has been developed in Oregon, and takes place (in the United States) in Oregorn, Arizona, New Mexico and Massachusetts. (D.I. 17, p. 4; D.I. 23, pp. 4-5 [not questioning Intel's manufacturing claims]). I have reviewed the patent, which has 139 claims, and about 120 of them are method claims, with the balance being devices for performing the various method claims. Thus, based on the record before me, I believe the claims do arise in Oregon (as well as Arizona, New Mexico, and Massachusetts). Plaintiff asserts the claims could arise anywhere, but does not explain that other than to note Intel's worldwide operations. No one suggests that there are any manufacturing operations in Delaware. Thus, while it may be true that the products made by the infringing methods are sold everywhere, the actual infringing activities

-10-

are taking place in Oregon but not in Delaware. I do not think this is the usual patent case where it is fair to say that the claims arise wherever the defendant's products are sold. *See In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). Thus, this factor weighs in favor of transfer. *See In re Hoffman LaRoche*, 587 F.3d 1333, 1338 (Fed. Cir. 2009).

Plaintiff is a small entity, but it has high-powered lawyers and has sued an array of prominent defendants in these related cases. The defendant is a corporation doing business world-wide and can litigate anywhere. It too has high-powered lawyers. Other than size, there is nothing in the record relating to "physical and financial condition." I do not think this factor significantly favors either side, and therefore I will treat it as neutral.

At this juncture, it is hard to tell who the witnesses might be. The patent, issued in 2007, lists the inventor as being a resident of Delaware. (D.I. 1-1, at 2). Intel states, without dispute, that the inventor now resides in Georgia (D.I. 17, p. 3 [citing to public records in D.I. 19; D.I. 23, Exh. A, p.11]), and is therefore outside the subpoena power of either the District of Delaware or the District of Oregon. Any party employees of the plaintiff are in Texas, and party employees of the defendant relevant to this litigation are likely in Oregon. (D.I. 18, ¶7 [naming six engineers and unnamed others as having developed, maintained, and tested Intel's relevant technology]). Defendant points out that third-party witnesses relating to prior art, and Intel's ex-employees, are somewhat likely to be in Oregon. (D.I. 17, pp. 8-9). *See In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer."). It is, however, entirely speculative at this point to identify any particular person as a likely witness. That being said, there is not a hint of likelihood that any third-party witness is within the subpoena power of this Court, whereas there is a reasonable

-11-

probability that there are third-party witnesses within the subpoena power of the District of

Oregon. Thus, while no witnesses who would be unavailable in one location but not the other

have been identified, this factor very marginally favors transfer.

Similarly, it is hard to tell where most of the books and records would be. The only

identified holders of records are the parties, and their records will be able to be produced in

whichever forum has the case. The records of the defendant, which are likely the most

important records for this litigation, *see id.*, are likely in Oregon. (D.I. 17, pp. 11-12). In any

event, the records of a party will be available in any court. There are no records identified as

only being available in one of the two locations.[7] Thus, this factor too adds very little to the

balancing.[8] To the extent it has any marginal impact, however, it favors transfer.

Enforceability of the judgment is not an issue.

Practical considerations that could make the trial easy, expeditious, or inexpensive

modestly favor transfer. A trial in Delaware is very likely to be less easy and more expensive for

---

[7] While there is a paragraph in *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), about "the convenience of the witnesses and the location of the books and records," I do not understand the Federal Circuit to have altered the Third Circuit's focus on the issue being not so much where the witnesses and evidence are, but whether they can be produced in court.

[8] Intel emphasizes that the records involved are trade secrets and are maintained under tight security. (D.I. 17, pp.11-12). It asserts that therefore, "Protecting such information through discovery and trial procedures would be far less expensive and straightforward if the case were transferred to Oregon." (*Id.* at 12). Intel does not explain this further in its Opening Brief. It states in its Reply Brief that a trial in Oregon would allow it to store the process technology documents in its "secure facility when not in use" and "would reduce certain logistical difficulties with hand-carrying these materials to trial." (D.I. 26, at p.6). At argument, counsel advised they would have to be "hand-carried in encrypted containers or hard drives." (D.I. 33, at 29). I do not think these concerns are very convincing, and therefore I cannot give them any significant credit. *See Linex Techs, Inc. v. Hewlett-Packard Co.*, No. 11-400-GMS, mem. op. at 11 n.6 (D.Del. Jan. 7, 2013).

Intel than a trial in the District of Oregon, because of travel considerations and expenses for

witnesses. A trial in the District of Oregon is likely to be about as costly for Plaintiff as a trial in

Oregon. There is some economy of scale in the Plaintiff's litigating as many of these related

cases as possible in Delaware, and I will address that later. On balance, the overall cost and

inconvenience of a trial in the District of Oregon is likely to be less than it would be in Delaware,

although it is Intel and not the Plaintiff that would reap this benefit. Thus, this factor very

slightly favors transfer.

The relative administrative difficulty due to court congestion is agreed by both parties to

be neutral. (D.I. 17, pp. 14-15; D.I. 23, p. 8).

The "local controversy" consideration, as is usually the case in patent disputes, is

inapplicable here. *See Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 207 (D.Del. 1998).

Intel is a major employer in Oregon, but it is also a Delaware corporation. Thus, I think this

factor is neutral.

The public policies of the two fora are not implicated. (D.I. 17, p.15; D.I. 23, p.9). Thus,

this factor is neutral.

This is not a diversity case, and thus knowledge of state law is irrelevant here.

Other than Plaintiff's choice to sue in Delaware, there is only one conceivable factor that

makes any sense as to why this case should not be transferred to Oregon. That is the concurrent

litigation on the same patent and the same technology against the defendants in the related cases.

That litigation is in its very early stages, following a scheduling conference in September. I have

no knowledge of the patent or the technology, but I will likely be gaining that in the near future,

as a claims construction hearing is set for June 7, 2013. I believe that is a legitimate concern to

-13-

factor into the analysis. *See In re Google*, 2011 WL 772875, at \*2 (Fed. Cir. March 4, 2011).[9]
Certainly, if I already had some experience with the patent, it would be an important legitimate
concern. *See In re Verizon Business Network Services, Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011);
*In re Vistaprint Ltd.*, 628 F.3d 1342, 1344 (Fed. Cir. 2010). Thus, the "co-pending litigation"
weighs against transfer, but not that strongly.

I must consider *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011).[10] I
do not think the case is controlling. I would characterize that case generally as standing for the
proposition that when the parties, all the witnesses, and all the evidence are in one distant
jurisdiction, and the only connection to Delaware is that it is the state of incorporation of the
defendant, and there is no other reason for the suit to be in Delaware, the suit must be transferred,
upon timely request, to the distant jurisdiction. In the present case, while the connection to
Delaware is about the same, Plaintiff would be inconvenienced by transfer, as it has no
connection at all to Oregon and would lose the litigation efficiencies it sought to achieve by
bringing the eleven related cases in one forum. There are perhaps three differences of

---

[9] I do not put too much stock in this "non-precedential" decision. On mandamus review,
the Court twice states that the district court's decision not to sever and transfer one of a multitude
of defendants was not an abuse of discretion. The Federal Circuit does not use mandamus to
review for abuses of discretion. Rather, it reviews for "clear abuse of discretion or usurpation of
judicial power." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1222 (Fed. Cir. 2011).
Thus, the failure to grant mandamus is not (or, at least, should not be) the same thing as holding
that the District Court did not abuse its discretion in denying a transfer motion.

[10] The Federal Circuit's numerous transfer cases arising from the Fifth Circuit are not
controlling as the Federal Circuit interprets the law of the Circuit in which the District Court sits.
*See In re Link_A_Media*, 662 F.3d at 1223. The law of the two Circuits in regard to how to
conduct a transfer analysis is different in a number of regards. Of greatest relevance, "Fifth
Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the
[transfer] analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). As noted
earlier, the Third Circuit treats the plaintiff's choice as a factor of "paramount importance."

significance between this case and *In re Link_A_Media*. The first is the lack of connection between the proposed transferee forum and the Plaintiff. This difference supports Plaintiff's request to deny transfer. The second is that the "where the case arises" factor favors transfer here in a way that was not applicable in *In re Link_A_Media*. This difference supports Intel's request to transfer. The third is that there are the co-pending cases, which implicate a question of judicial efficiency that was not present in *In re Link_A_Media*. This difference supports Plaintiff's request to deny transfer. Taking these three differences into account, and considering all of the *Jumara* factors, it is apparent that Intel's motion to transfer is not as strong as is Texas Instruments'.

Under Third Circuit law, considerable deference is given to the plaintiffs' choice of forum. While there are additional factors that argue against transfer to Oregon (namely, that Plaintiff has no connection to Oregon, and the co-pending cases), these are not compelling, and there is therefore little beyond Plaintiff's choice of forum – which is less compelling than usual – to weigh against the various factors supporting transfer. Oregon is the logical and convenient place for this trial to take place. The balance of convenience tips strongly enough in favor of transfer so that I will grant the defendant's motion to transfer.

An appropriate order will be entered.

-15-